UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-cr-20124 |
| Plaintiff, | Hon. Laurie J. Michelson |
| v. | VIO:  18 U.S.C. § 922(g)(1) |
| | 18 U.S.C. § 922(j) |
| D-2 ELIGAH GOODMON | 21 U.S.C. § 846 |
| | 21 U.S.C. § 841(a)(1) |
| | 18 U.S.C. § 1591 |
| Defendant. | 18 U.S.C. § 1594(c) |

_____/

**FIRST SUPERSEDING INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

**GENERAL ALLEGATIONS**

At all times relevant to this First Superseding Information, a woman, Adult Victim One, was the victim of the crimes alleged in Counts Five and Six. Adult Victim One was a resident of the Eastern District of Michigan and was over the age of eighteen.

1

## COUNT ONE

18 U.S.C. § 922(g)(1) — *Felon in possession of a firearm*

D-2   ELIGAH GOODMON

On or about February 12, 2020, in the Eastern District of Michigan, Southern Division, the defendant, ELIGAH GOODMON, knowing he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year (felony offense), did knowingly possess a firearm, to wit: one (1) Remington Wingmaster shotgun, which was manufactured outside of the State of Michigan, and thus traveled in interstate or foreign commerce, in violation of 18 U.S.C. § 922(g)(1).

## COUNT TWO

18 U.S.C. § 922(j) — *Possession of a stolen firearm*

D-2   ELIGAH GOODMON

On or about February 12, 2020, in the Eastern District of Michigan, Southern Division, the defendant, ELIGAH GOODMON, knowingly possessed a stolen firearm, to wit: one (1) Remington Wingmaster shotgun, which had been shipped and transported in interstate or foreign commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of 18 U.S.C. § 922(j) and 924(a)(2).

## **COUNT THREE**

21 U.S.C. § 846 — *Conspiracy to distribute a controlled substance*

D-2    ELIGAH GOODMON

From on or about September 1, 2019 to February 12, 2020, both dates being approximate and inclusive, in the Eastern District of Michigan, Southern Division, the defendant, ELIGAH GOODMON, knowingly and intentionally conspired, confederated and agreed with another to commit the following offense against the United States: distribution of substances containing cocaine base (a Schedule II controlled substance) and heroin (a Schedule I controlled substance), in violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846.

## **COUNT FOUR**

21 U.S.C. § 856 — *Maintaining a drug premises*

D-2    ELIGAH GOODMON

From on or about September 1, 2019 to February 12, 2020, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant, ELIGAH GOODMON, did unlawfully and knowingly use and maintain a place located at 1946 Hazelwood, Detroit, Michigan, for the purpose of distributing, using and packaging controlled substances (to wit: cocaine base and heroin), all in violation of 21 U.S.C. § 856(a)(1).

## COUNT FIVE

18 U.S.C. § 1591(a)(1) — *Sex trafficking by force, fraud, or coercion*

D-2   ELIGAH GOODMON

From on or about January 2017 to February 12, 2020, both dates being approximate and inclusive, in the Eastern District of Michigan, the defendant, ELIGAH GOODMON, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means Adult Victim One, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion or any combination of such means would be used to cause Adult Victim One to engage in a commercial sex act, all in violation of 18 U.S.C. § 1591(a)(1).

## COUNT SIX

18 U.S.C. § 1594(c) — *Conspiracy to Engage in Sex Trafficking*

D-2   ELIGAH GOODMON

From on or about January 2017 to February 12, 2020, both dates being approximate and inclusive, in the Eastern District of Michigan, the defendant, ELIGAH GOODMON, did knowingly and intentionally combine, conspire, confederate, and agree with at least one other person, in and affecting interstate and foreign commerce, to recruit, entice, harbor, transport, provide, obtain, and maintain by any means, and benefit financially and receive anything of value from participation in a venture which recruited, enticed, harbored, transported, provided,

obtained, and maintained Adult Victim One, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion or any combination of such means would be used to cause Adult Victim One to engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a)(1); all in violation of 18 U.S.C. § 1594(c).

## FORFEITURE ALLEGATION

*Criminal forfeiture*

The allegations contained in Counts One through Six of this First Superseding Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 1594, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

Upon conviction of any of the offenses set forth in Counts One and Two of this Superseding Information, the defendant, ELIGAH GOODMON, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm and ammunition involved in or used in the knowing commission of the offenses.

Upon conviction of any of the offenses set forth in Counts Three and Four of this Superseding Information, the defendant, ELIGAH GOODMON, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the such offenses; and

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

Upon conviction of any of the offenses set forth in Counts Five and Six of this Superseding Information, the defendant, ELIGAH GOODMON, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 1594(d)(1)-(2), any interest he may have in any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses, and any property traceable to such property; as well as any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any property traceable to such property.

Such property includes, but is not limited to, a money judgment in an amount to be determined, representing the total value of all property subject to forfeiture as described herein.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

          MATTHEW SCHNEIDER
          United States Attorney

          */s/ Matthew Roth*
          MATTHEW ROTH
          Chief, Major Crime Unit
          211 West Fort Street, Ste 2001
          Detroit, MI 48226

          */s/ Lisandra Fernandez-Silber*
          SARA D. WOODWARD
          LISANDRA FERNANDEZ-SILBER
          Assistant United States Attorneys
          211 West Fort Street, Ste. 2001
          Detroit, MI 48226-3220
          (313) 226-9122
          lisandra.fernandez-silber@usdoj.gov

Dated: December 1, 2020

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: |

**Case Title:** USA v. D-2 Eligah Goodmon

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/____Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:** _____]
____Indictment/ ✓ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 20-cr-20124     **Judge:** Laurie J. Michelson

☐ Corrects errors; no additional charges or defendants.
☒ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 1, 2020
Date

*Lisandra Fernandez-Silber* (signature)
Lisandra Fernandez-Silber & Sara D. Woodward
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9122
Fax: 313-226-2372
E-Mail address: lisandra.fernandez-silber@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.